STATE *vs.* WILLIAM WEEKS.

Cumberland.   Decided April 3, 1877.

*Intoxicating liquors.*

An agent for the sale of intoxicating liquors is not a city or town officer.  His situation is not an office but an employment, which ceases if not renewed at the end of the year.   He does not hold over until his successor is chosen, by virtue of R. S., c. 3, § 25, nor is the mode of his appointment by § 27 of that chapter, but by c. 27, §§ 26 and 27.

*Thus,* where W. was appointed agent by a majority of the board of mayor and aldermen, without the consent of the mayor and against his protest, and gave the statute bond which was approved by the majority of the board, though the mayor protested against the approval and refused to sign the certificate:  *Held,* that a complaint against W. for a single sale could not be sustained, where the sale was lawful if he was agent.

ON REPORT, from the superior court.

COMPLAINT, for violation of the liquor law, on appeal from the municipal court of Portland.

On May 5, 1873, William Weeks, the defendant, was appointed by the mayor of Portland, by and with the consent of the aldermen, agent of the city to sell liquors for mechanical, medicinal and manufacturing purposes, under the provisions of § 26, c. 27, R. S., and upon giving bond as provided in § 27 of the same chapter, received the certificate mentioned in said section and entered upon the duties of his situation.   The next year he was appointed to the same situation by vote of the board of mayor and aldermen, gave bond according to law, received the proper certificate and continued to act.   From the date of Weeks' appointment in 1873 to the date of the complaint, no successor had been appointed except Weeks himself; but on May 3, 1875, the mayor nominated Horace J. Bradbury to the position, and the aldermen refused, 5 to 1, to confirm the nomination, and subsequently, on June 8, 1875, the board of mayor and aldermen, by a vote of five to one at a regular meeting, appointed the defendant agent for the sale of intoxicating liquors under § 26, c. 27, R. S.   This was done against the protest of the mayor, and without his consent.   Weeks gave the proper statute bond, which was approved by the board of

mayor and aldermen, who thereupon issued and delivered to Weeks the certificate required under § 27 of said chapter, and Weeks continued to act as agent. The mayor refused to sign the certificate and protested against the approval of the bond.

The complaint in this case was for a single sale made by Weeks under his claim to act as liquor agent, and was in all respects lawful, if he was agent.

Upon this report of facts, the question whether Weeks was the duly appointed and qualified agent of the city, for said purpose at the time of the sale, is reserved for the decision of the law court.

*B. Bradbury* with *C. F. Libby*, county attorney, for the state.

*T. B. Reed*, for the defendant.

BARROWS, J. The defendant's authority to sell as the agent of the city is questioned because he was appointed by a majority of the board of mayor and aldermen without the consent of the mayor and against his protest. He gave the proper statute bond which was approved by the board who thereupon gave him the certificate required by § 27, c. 27, R. S., though the mayor protested against the approval of the bond and refused to sign the certificate.

Section 26 of c. 27, gives the power of appointment in such cases to the selectmen of any town, and the mayor and aldermen of any city. If this section is to be regarded as the governing rule, the defendant was duly appointed the agent of the city in 1875 ; for there can be no doubt that a majority of the municipal board therein named may lawfully act in the premises.

But it is insisted on the part of the state that the case falls within the provisions of § 27, c. 3, R. S., which runs thus: "In all cases where appointments to office are directed or authorized to be made by the mayor and aldermen of cities, they may be made by the mayor by and with the advice and consent of the aldermen, and such officers may be removed by the mayor."

This brings up the question whether the city agency for the sale of liquors is an office, or only an employment.

We cannot but regard the changes made by c. 33 of the laws of 1858 in the phraseology employed in c. 166, Laws of 1855, respect-

ing the appointment, powers and duties of their agents as clearly significant of an intention on the part of the legislature to deprive the situation not only of the name but of the essential characteristics of an office—to reduce it distinctly and definitely to a mere employment, revocable by the appointing power, and absolutely annulled by the conviction of the agent for any breach of the regulations limiting his power to sell, or by a judgment against him on his bond to the town or city conditioned for his conformity to the provisions of the law relating to "the business" for which he is appointed. A comparison of the language of the two statutes above referred to, we think, demonstrates this beyond the possibility of mistake, and at the same time settles it conclusively that this position is not a city office to be filled under the provisions of § 27, c. 3, or the agent an officer who may be removed by the mayor under the final provision in the same section—but that the position is a mere business agency or employment, and the agent simply a servant or employe, whose place is to be filled and vacated in the manner prescribed in § 26, c. 27, the statute which authorizes the employment of such agents. There are too many provisions in that chapter which are inconsistent with the idea that this position is to be regarded as an office to permit us so to construe it. For example, in case of misconduct, the agent's certificate is to be withdrawn by the aldermen; very clearly he is not removable by the mayor, like the city officers referred to in § 27, c. 3.

Again, were we to regard it as a subordinate city office, and hold that the provisions of § 27, c. 3, were applicable to the mode of appointment and removal, we ought for the same reason to hold that §.25, c. 3, should be applied to ascertain the duration of its term. It is there provided that subordinate officers of cities shall hold their offices one year, and "until others are chosen and qualified in their stead." In the statute of 1855, which recognizes the agency as an office, this tenure was expressly declared. "He shall hold his office one year and until another is appointed in his place unless sooner removed." This was in conformity with the law respecting other such offices. But under the law of 1858, c. 33, § 5, and R. S. c. 27, § 26, the provision is "he shall hold his situation one year unless sooner removed." And this is absolutely

inconsistent with the tenure prescribed for subordinate city officers in § 25, c. 3.

There was an obvious design apparent throughout c. 33, Laws of 1858, so to change c. 166, Laws of 1855, as to reduce this agency from an office to a mere temporary employment; and this purpose was adhered to in the revision of the statute which has since taken place.

The creation of an office ordinarily implies succession. The office is not abolished by the expiration of the term of the incumbent. Not so with an employment. When a definite term is fixed it comes to an end by the lapse of time unless renewed.

And such is the situation of the agent of a municipality for the sale of intoxicating liquors.

We see no propriety in importing, by construction into c. 27, R. S., (which creates and regulates this whole business with specific provisions for the appointment and removal of these agents from their situations,) the provisions of § 27, c. 3, which relate to a different class of appointments. It would be obviously unjust to regard the defendant as an officer within the purview of § 27, c. 3, and so raise a question as to the validity of his last appointment, and then refuse to regard him as such officer within the provisions of § 25 of the same chapter, which under the facts here reported would extend his lawful official tenure to a date subsequent to the commencement of the prosecution.

But he was not an officer. His "situation" is not an office. He was lawfully employed by those who had authority, under chapter 27, R. S. to employ him, as the agent of the city. He acted in strict pursuance of his employment, and this prosecution cannot be maintained.

*Judgment for defendant.*

Appleton, C. J., Dickerson, Danforth and Libbey, JJ., concurred.